# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **LAURA PRESSLEY, ROBERT BAGWELL, TERESA SOLL, THOMAS L. KORKMAS, and MADELON HIGHSMITH,** *Plaintiffs* <br><br> v. <br><br> **JANE NELSON, in her official capacity as the Texas Secretary of State, et al.,** *Defendants* | **Case No. 1:24-CV-00318-DAE** |

## ORDER

Now before the Court are Defendants' Joint Opposed Motion for Entry of Confidentiality and Protective Order, filed June 17, 2024 (Dkt. 40); Plaintiffs' Amended Motion for Confidentiality and Protective Order, filed June 18, 2024 (Dkt. 42); and the associated response briefs.[1]

### I. Background

Plaintiffs Laura Pressley, Ph.D., Robert Bagwell, Teresa Soll, Thomas L. Korkmas, and Madelon Highsmith bring this civil rights suit against Jane Nelson, Texas Secretary of State; Christina Adkins, Director of the Elections Division of the Texas Secretary of State; Bridgette Escobedo, Williamson County Elections Administrator; Dr. Desi Roberts, Bell County Elections Administrator; and Andrea Wilson, Llano County Elections Administrator. Plaintiffs are registered Texas voters who challenge the in-person electronic voting systems used in Williamson, Bell, and Llano Counties.

Plaintiffs allege that they have been required to use ballots that do not contain pre-printed consecutive numbers that preserve the secrecy and security of their ballots. They also make

---

[1] By Text Orders issued June 20, 2024, the District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

allegations concerning allegedly illegal and uncertified voting system software and printer hardware that prints illegal randomly assigned unique identifier/ballot tracking numbers onto their ballots. As a result, Plaintiffs allege, the secrecy of their ballots has been breached and their constitutional voting rights and rights to equal protection and due process have been violated. Plaintiffs seek a declaration that Defendants' actions in certifying and using illegal electronic pollbooks for in-person voters violate the First Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

## II. Analysis

Plaintiffs have attached redacted exhibits to their First Amended Complaint[2] that identify "the data and algorithmic method that reveal how over 60,000 Williamson County voters vote" and demonstrate, "visually and in writing, the exact processes Plaintiffs used to directly map over 60,000 Williamson County voters to their specific ballots in the November 2023 elections and across multiple other elections." Dkt. 42 at 1-2. Plaintiffs contend:

> Because both state and federal law recognize the confidentiality of a voter's ballot (indeed, Texas law recognizes ballot secrecy as a constitutional right), as well as the very real risk that elected officials, political candidates and operatives, election vendors, and others will weaponize this information for political and/or financial gain, Plaintiffs assert that it is crucial to stringently protect the Redacted Evidence, including, potentially, even from some of the participants in this case.

*Id.* at 2.

Plaintiffs ask the Court to issue a confidentiality and protective order permitting only the Plaintiffs, Plaintiffs' counsel, and the Court to view the Redacted Exhibits. In the alternative, Plaintiffs ask the Court to issue a confidentiality order permitting only Plaintiffs, their counsel, and one attorney from the Office of the Attorney General of Texas to view the Redacted Exhibits.

---

[2] Exhibits 32-1; 32-9-16; 32-28-32; 32-53-57 ("Redacted Exhibits").

Defendants agree that a confidentiality and protective order is necessary, but argue that they need access to the Redacted Exhibits to adequately respond to the allegations in Plaintiffs' Amended Complaint. Defendants contend that Plaintiffs' proposed order would "violate the fundamental principles of fairness and due process in judicial proceedings by excluding the Defendants from an opportunity to respond—indeed, even to see—the evidence they seek to present to the judge and which they claim proves their case." Dkt. 47 at 2.

Defendants' ask the Court to entire their proposed confidentiality and protective order, which uses this Court's standard confidentiality and protective order in Appendix H-1 to the Local Rules, except: (1) Subsection 3(b) is deleted, and (2) Defendants' proposed order clarifies that information and documents that may be designated as Confidential information include "personally identifiable information as defined in Texas Attorney General Opinion No. KP-0463 and Texas Secretary of State Election Advisory No. 2024-20." *Id.*

### III.   Legal Standards

"Generally, the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (quoting FED. R. CIV. P. 26(b)(1)). The federal rules of discovery "are designed to narrow and clarify the issues and to give the parties mutual knowledge of all relevant facts, thereby preventing surprise." *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978).

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "The movant bears the burden of showing that a protective order is necessary, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"

*EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). "A trial court enjoys wide discretion in determining the scope and effect of discovery, and it is therefore unusual to find an abuse of discretion in discovery matters." *Id.*

### IV.     Analysis

Plaintiffs' proposed confidentiality and protective order would permit only Plaintiffs, their counsel, and the Court to view the Redacted Exhibits, which Plaintiffs rely on to support their claims in this case. The Court finds that such restrictive access to relevant evidence would prejudice the defense of this case.

The Court also finds that Plaintiffs have not shown good cause for their alternative proposed confidentiality and protective order limiting review of the Redacted Exhibits to one defense counsel from the Office of the Attorney General of Texas. As Defendants argue, such a restriction would prohibit counsel for the County Defendants and qualified experts from viewing the Redacted Exhibits, which would "hamstring the defense." Dkt. 47 at 3. *See, e.g.*, *Bd. of Regents of Univ. of Texas Sys. v. Planameca USA, Inc.*, No. SA-04-CA-911-FB, 2005 WL 8156687, at *3 (W.D. Tex. June 2, 2005) (finding "highly confidential" and "highly sensitive" information adequately protected when classified as "confidential" under a protective order). The Court finds that its standard protective and confidentiality order, with the limited exceptions stated above, will sufficiently protect confidential information here.

### V.     Conclusion

For these reasons, this Magistrate Judge **GRANTS** Defendants' Joint Opposed Motion for Entry of Confidentiality and Protective Order (Dkt. 40) and **DENIES** Plaintiffs' Amended Motion for Confidentiality and Protective Order (Dkt. 42). The Court will enter Defendants' proposed confidentiality and protective order by separate order.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

**SIGNED** on September 11, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5