IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LAURA PRESSLEY, ROBERT BAGWELL, TERESA SOLL, THOMAS L. KORKMAS, and MADELON HIGHSMITH, <br><br>      Plaintiffs, <br><br> v. <br><br>JANE NELSON, in her official capacity as the Texas Secretary of State, CHRISTINA ADKINS, in her official capacity as Director of the Elections Division of the Texas Secretary of State, BRIDGETTE ESCOBEDO, in her official capacity as Williamson County Elections Administrator; DESI ROBERTS, in his official capacity as Bell County Elections Administrator, and ANDREA WILSON, in her official capacity as Llano County Elections Administrator, <br><br>      Defendants. | Civil Action No. 1:24-cv-00318-DAE |

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON
MOTIONS FOR PROTECTIVE ORDER [DKT. 65]**

TO THE HONORABLE JUDGE DAVID A. EZRA:

  Plaintiff Laura Pressley, Ph.D. (*pro se*), along with plaintiffs Robert Bagwell, Teresa Soll, Thomas L. Korkmas, and Madelon Highsmith, (by and through their undersigned counsel), file this their Objections to Magistrate Judge's Order on Motions for Protective Order [Dkt. 65] ("Order"), pursuant to Fed. R. Civ. P. 72(a), and allege as follows:

## I. BACKGROUND AND TIMELINE

1. This case concerns, among other issues, the breach of the secrecy of over 60,000 voters' ballots cast in Williamson County in multiple elections, including the November 2023 general election.

2. Plaintiffs attached redacted exhibits ("Redacted Exhibits") to their Amended Complaint [Dkt. 32], which, in their unredacted form, demonstrate the algorithm Plaintiff Dr. Laura Pressley discovered while reviewing Williamson County election records[1], enabling her to determine how Williamson County voters voted in multiple elections. Because the Redacted Exhibits breach the secrecy of over 60,000 Williamson County voters' ballots as guaranteed by the Texas Constitution and federal law, Plaintiffs believe it is imperative to protect this information and limit its dissemination to the greatest extent possible. *Id*.

3. This case is still in the earliest procedural stage – Defendants have filed Rule 12(b) motions, which have yet to be ruled on. Discovery has not yet commenced.

4. The parties conferred regarding a protective order specifically for the Redacted Exhibits, but ultimately could not reach agreement. Defendants have argued that they need the Redacted Exhibits in order to prepare and file their 12(b) motions [Dkt. 40, para. 7]; however, all Defendants have since filed their 12(b) motions without receiving the Redacted Exhibits. It is Plaintiffs' position that, at this very early stage of the case and pending resolution of Defendants' 12(b) motions, review of the Redacted Exhibits should be limited to the Court and, in the alternative, to one designated attorney from the Office of the Attorney General of Texas.

5. Ultimately, Defendants and Plaintiffs filed competing motions for a protective order (Dkt. 40 and 42, respectively).

---

[1] Election records were provided through an open records request, as noted in Plaintiffs' Amended Complaint. *See* Dkt. 32, paragraphs 114, 116, and 119.

6. The Magistrate Judge issued an order [Dkt. 65] denying Plaintiffs' motion and granting Defendants' joint motion. The Order is erroneous and/or contrary to law, *see* Fed. R. Civ. P. 72(a) and, accordingly, Plaintiffs timely file their objections herein.

## II. OBJECTIONS TO ORDER

**A. Plaintiffs have shown good cause for entry of their requested protective order.**

7. Federal Rule of Civil Procedure 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Fifth Circuit has interpreted Rule 26(c)(1) to place the burden on the movant "to show the necessity of [a protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

8. Plaintiffs have more than met their burden to show good cause for entry of their requested protective order, as well as why Defendants' proposed protective order is insufficient. *See*, particularly, Dkt. 42, par. 8-10; Dkt. 44, par. 9.

9. Plaintiffs' ballots, as well as the ballots of the over 60,000 Williamson County voters affected, are protected by, among other things, the Texas constitution, federal law, and the political vote privilege. *See*, e.g., Tex. Const. Art. V, Sec. 4; *Burson v. Freeman*, 504 U.S. 191, 191-192 (1992); *Reynolds v. Sims*, 377 U.S. 533, 555 (1964); *D'Aubrizio v. Borough of Palisades Park*, 899 F.Supp. 1352 (D.N.J. 1995); *Wood v. State ex rel. Lee*, 126 S.W.2d 4, 9 (Tex. 1939).

10. Plaintiffs' Redacted Exhibits demonstrate how Plaintiffs and more than 60,000 voters in Williamson County can be mapped to their specific ballot, thus revealing how Plaintiffs and the other voters voted. While a voter may choose to share how they voted, it is *their* choice to make and their privilege to waive. *See Oliphint v. Christy*, 299 S.W.2d 933, 939 (Tex. 1957).

3

11. The need to protect the secrecy of the ballots of Plaintiffs and over 60,000 Williamson County voters constitutes a "particular and specific demonstration of fact" and the fundamental harm that Plaintiffs would suffer by having their ballots involuntarily revealed is much more than a "stereotyped and conclusory statement." *See In re Terra Int'l*, 134 F.3d at 306.

12. Plaintiffs described in detail the harms that would result from the protective order proposed by Defendants, including, notably, that the potential recipients of the Redacted Exhibits would cause the breach of the secret ballots of multiple employees of Defendants and other government offices, including Williamson County, the Texas Attorney General's Office, and the Office of the Secretary of State of Texas. *See* Dkt. 44, para. 10-15[2] and 17[3]. It is completely improper for Defendants to know, or be able to ascertain, how certain employees of theirs have voted in past elections, absent such employees' voluntary disclosure of same. Yet, the Magistrate Judge granted Defendants' motion for entry of a protective order that would do just that.

13. The particular interests and specific harms at issue in this case, all of which have been documented extensively by Plaintiffs, are more than sufficient to meet Plaintiffs' burden to show good cause for entry of their requested protective order. Plaintiffs respectfully object to the Magistrate Judge's denial of their motion and granting of Defendants' motion.

---

[2] "[F]or the Texas Secretary of State's office, employees who voted in the Williamson County elections at issue in this case include but are not limited to a director, an attorney, an accountant, and several election auditors…[in] the Texas Attorney General's office, employees who also voted in the Williamson County elections at issue in this case include but are not limited to Brent E. Webster, First Assistant Attorney General, a director and multiple assistant attorneys general…[in] the Williamson County Elections office, employees who voted in elections which are at issue in this case, include but are not limited to the voting system analyst, operations supervisor, and election presiding judges and alternate judges for the Democratic and Republican Parties."

[3] "Williamson County Defendant Escobedo's counsel, Eric Opiela, has an obvious conflict of interest in this case, given that his clients include candidates, office-holders, or entities with Williamson County voters. Clients of Mr. Opiela who would politically and/or financially benefit from knowing how Williamson County voters have voted…"

**B. The Magistrate Judge failed to apply the balancing test in *Gutierrez v. Benavides*.**

14. The above-described errors in the Magistrate Judge's Order are also the result of the judge's failure to apply the balancing test in *Gutierrez v. Benavides*. Specifically, "a protective order may be fashioned only after balancing the potential harm to the affected party and the need of the requesting party for the particular information." *Gutierrez v. Benavides*, 292 F.R.D. 401, 403 (S.D. Tex. 2013).

15. The Magistrate Judge's Order is devoid of *any mention* of the potential harm to Plaintiffs. The Order focuses only what the judge believed would "prejudice the defense." Dkt. 65, p. 4. In doing so, the Magistrate Judge overlooked several important facts, including the impact to the Plaintiffs (and over 60,000 other voters) of having their secret votes involuntarily revealed and the fact that the case is not even yet in the discovery phase and that Defendants' pending Rule 12(b) motions (Dkts. 45, 46, 48, 49, 58, and 60) do not depend on the Redacted Exhibits.

16. Had the Magistrate Judge engaged in the *Gutierrez* balancing test, that analysis would clearly show that the potential harm to Plaintiffs is great, while Defendants' need for the Redacted Exhibits *at this stage of the case* is minimal at best. Instead of balancing the interests at stake, the Magistrate Judge simply apportioned the full measure of prejudice to Plaintiffs, to which Plaintiffs respectfully object.

**C. Defendants' Joint Motion for Protective Order is effectively moot.**

17. Defendants' Joint Motion for Protective Order was filed to "adequately respond to the allegations in Plaintiffs' Amended Complaint." Dkt. 40, par. 7. Defendants have already filed their 12(b) motions and replies. Defendants can show no cause or need to receive Plaintiffs' Redacted Evidence at this stage of the case. Without waiving the objections noted *supra*, Plaintiffs

additionally object to the Magistrate's Order as improper because Defendants' Joint Motion for Protective Order should have been denied as moot.

### III.   CONCLUSION

18.   Had the Magistrate Judge conducted the proper legal analysis, she would have concluded that Plaintiffs met their burden to show good cause for entry of their requested protective order and that the balancing test of *Gutierrez v. Benavides* required denial of Defendants' Joint Motion for Protective Order and/or that Defendants' motion was moot. Because the Magistrate Judge reached the opposite, erroneous conclusion, Plaintiffs respectfully object.

### PRAYER

For the foregoing reasons, Plaintiffs respectfully request that the Court sustain Plaintiffs' Objections to Magistrate Judge Order [Dkt. 65] on Defendants' and Plaintiffs' Motions for Protective Order [Dkt. 40 and 42, respectively]; reverse the Order [Dkt. 65]; and grant to Plaintiffs all such other and further relief to which they may be entitled.

Respectfully submitted:

Anna Eby
State Bar No. 24059707
EBY LAW FIRM, PLLC
P.O. Box 1703
Round Rock, Texas 78680
Telephone: (512) 410-0302
Facsimile: (512) 477-0154
eby@ebylawfirm.com

/s/ *Frank G. Dobrovolny*
Frank Dobrovolny
State Bar No. 24054914
The Dobrovolny Law Firm, P.C.
217 South Ragsdale
Jacksonville, TX 75766
903-586-7555
DobrovolnyLawFirm@Gmail.com

Attorneys for Plaintiffs:
Robert Bagwell, Teresa Soll, Thomas L. Korkmas, and Madelon Highsmith

/s/*Laura Pressley*
Laura Pressley, Ph.D., *pro se* litigant
101 Oak Street, Ste. 248
Copperas Cove, TX  76522
313-720-5471
LauraPressley@Proton.me

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all parties herein by way of:

\_\_\_  U.S. Mail, First Class
\_\_\_  Certified Mail (return receipt requested)
\_\_\_  Facsimile/Electronic Mail
_X_  Electronic Service

on this 25th day of September, 2024, to-wit:

Ross Fischer
Ross Fischer Law, PLLC
430 Old Fitzhugh, No. 7
Dripping Springs, Texas 78620
ross@rossfischer.law

Joseph D. Keeney
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Joseph.Keeney@oag.texas.gov

J. Eric Magee
Allison, Bass & Magee, LLP
1301 Nueces Street, Suite 201
Austin, Texas 78701
e.magee@allison-bass.com

Eric Opiela
Eric Opiela, PLLC
9415 Old Lampasas Trail
Austin, Texas 78750
eopiela@ericopiela.com

_____
Anna Eby