## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA PRESSLEY, ROBERT BAGWELL, TERESA SOLL, THOMAS L. KORKMAS, and MADELON HIGHSMITH, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| JANE NELSON, in her official capacity as the Texas Secretary of State, CHRISTINA ADKINS, in her official capacity as the Director of the Elections Division of the Texas Secretary of State, BRIDGETTE ESCOBEDO, in her official capacity as Williamson County Elections Administrator DESI ROBERTS, in his official capacity as Bell County Elections Administrator, and ANDREA WILSON, in her official capacity as Llano County Elections Administrator, | § § § § § § § § § § § § | Civil Action No. 1:24-cv-00318-DII |
| *Defendants*. | § § § | |

---

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON MOTIONS FOR PROTECTIVE ORDER

---

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Division Chief, General Litigation Division

JOSEPH D. KEENEY
Attorney-In-Charge
Texas Bar No. 24092616
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4090
Facsimile: (512) 320-0667
Joseph.Keeney@oag.texas.gov

***ATTORNEYS FOR DEFENDANTS***

TO THE HONORABLE JUDGE DAVID A. EZRA:

Defendants Jane Nelson ("Nelson") and Christina Adkins ("Adkins") of the Texas Secretary of State hereby file this Response to Plaintiffs' Objections to the Magistrate Judge's Order on the parties' Motions for Protective Order, and would respectfully show as follows:

## **ARGUMENT**

Magistrate Judge Hightower correctly determined that Defendants' proposed confidentiality and protective order was appropriate given the Plaintiffs' unwillingness to provide unredacted copies of the exhibits they attached to their Complaint. Plaintiffs presented no good faith argument that they should be permitted to have ex parte communications with this Court, and these Objections serve only to burden the Court with an additional, frivolous filing. While Plaintiffs correctly note that the Defendants have filed Motions to Dismiss raising as many arguments as were possible given the lack of access to these exhibits, Defendants Nelson and Adkins nonetheless maintain they are entitled to view these exhibits so they may raise any and all additional jurisdictional and facial arguments the exhibits may prompt. If the case is not dismissed prior, such arguments may be raised in the future under Rules 12(c) or 56. Thus, Plaintiffs' argument that the protective order is moot has no merit. And their attempt to hide the ball in this case appears to be no more than mere gamesmanship to avoid or delay dismissal or an adverse judgment.

As for their specific objections, Plaintiffs' arguments rest on the mere assumption that providing the exhibits they hope to rely on in this case—*to the Defendants they have sued*—would violate the ballot secrecy of thousands of voters. (Dkt. #68 at 4). They have entirely failed to demonstrate that result would actually occur. Moreover, even if this information—inevitably, by explaining the "algorithm,"—would be disclosed to the Defendants, they are entitled to that information simply because Plaintiffs have put that information in play—they have made it relevant, and as a fundamental litigation principle, the Defendants have a due process right to see and respond. Based on the above,

Magistrate Judge Hightower correctly applied the appropriate balancing test—found in Fed. R. Civ. P. 26(c)(1)—and determined that Plaintiffs' attempt to keep the Defendants in the dark was unjustified. (Dkt. #65 at 3–4).

## CONCLUSION

For the foregoing reasons, Defendants Nelson and Adkins respectfully request the Court overrule Plaintiffs' objections and leave undisturbed Magistrate Judge Hightower's ruling on the parties' dueling Motions for Protective Orders.

Respectfully submitted,

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ Joseph Keeney*
JOSEPH KEENEY
Assistant Attorney General
Texas Bar No. 24092616
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 475-4090
Facsimile: (512) 320-0667
joseph.keeney@oag.texas.gov

**ATTORNEYS FOR DEFENDANT**

**C**ERTIFICATE OF **S**ERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF on October 9, 2024, to all counsel of record. I further certify that a true and correct copy of the foregoing instrument has been sent via e-mail as follows:

*Via email:*
Laura Pressley, Ph.D.,
101 Oak Street, Ste. 248
Copperas Cove, TX 76522
LauraPressley@Proton.me

**PRO SE LITIGANT**

/s/ Joseph Keeney
JOSEPH KEENEY
Assistant Attorney General