# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LAURA PRESSLEY, ROBERT BAGWELL, TERESA SOLL, THOMAS L. KORKMAS, and MADELON HIGHSMITH,<br><br>*Plaintiffs*,<br><br>v.<br><br>JANE NELSON, in her official capacity as the Texas Secretary of State, CHRISTINA ADKINS, in her official capacity as the Director of the Elections Division of the Texas Secretary of State, BRIDGETTE ESCOBEDO, in her official capacity as Williamson County Elections Administrator, DESI ROBERTS, in his official capacity as Bell County Elections Administrator, and ANDREA WILSON, in her official capacity as Llano County Elections Administrator,<br><br>*Defendants*, | Civil Action No. 1:24-cv-00318-DII |

## DECLARATION OF BRIDGETTE ESCOBEDO

I, Bridgette Escobedo, have personal knowledge or knowledge based on my review of business records of Williamson County, of all statements below. I hereby make the following declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. My name is Bridgette Escobedo. I am at least 18 years old, of sound mind, and competent to make this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

2. I have served as the Williamson County Elections Administrator since January 2, 2024. As the Williamson County Elections Administrator, in accordance with Section 31.042, Election Code, I perform the duties and functions of the Williamson County voter registrar, the duties and functions of the county clerk under the Election Code and statutes related to elections outside the Election Code, as well as those duties assigned by Sections 31.044 and 31.045, Election Code. I am required to ensure compliance with all state laws and the directives of the Secretary of State under her duty prescribed under Section 31.003, Election Code, to maintain uniformity in

the application, operation, and interpretation of the Election Code and of the election laws outside the Election Code. Section 276.019, Election Code, expressly prohibits me or any election official under my supervision from taking any action to create, alter, modify, waive, or suspend any election standard, practice, or procedure mandated by law or rule in a manner not expressly authorized by the Election Code.

3. On July 29, 2024, the Williamson County Election Board, of which I am the chair and which has general supervisory authority for the procurement of election supplies met and unanimously voted to discontinue the use of computer generated numbering of ballots and to procure pre-printed, sequentially numbered paper ballots for the November 2024 election. *See* Exhibit 1. As Elections Administrator, under Chapter 52, Election Code, I am responsible for preparing official ballots in Williamson County for all county elections and all elections held by political subdivisions and political parties holding elections in the county by contract. All ballots prepared since July 2024 under my direction are preprinted sequentially serialized paper ballots.

4. This vote has not been superseded by any changes in state or federal law and remains in effect to this day. We continue to use pre-printed, sequentially numbered paper ballots in the ongoing May 3, 2025 local political subdivision uniform election and future elections.

5. On June 24, 2024, the Texas Secretary of State issued Election Advisory No. 2024-21, which directed county election officials to discontinue the use of computer-generated numbering of ballots by e-pollbooks. *See* Exhibit 2. The Texas Secretary of State also issued new certification standards for electronic pollbooks, applicable to the type of voting system used by Williamson County, that prohibits Williamson County from using e-pollbooks to generate ballot numbers. *See* Exhibit C, Texas Secretary of State, *Texas Electronic Pollbook Functional Standards* at 7, Functional Standard 5, June 24, 2024.

6. As the Williamson County Elections Administrator, it is my duty, policy and practice to comply with all directives from the Secretary of State—to follow all Secretary of State Election Advisories and Certification Standards. The Williamson County Elections Administrator has no ability to alter or supersede state law as interpreted by the Secretary of State in its Advisory Opinions and Texas Electronic Pollbook Functional Standards. Further, it is my interpretation of state law that Williamson County is bound by Secretary of State Election Advisory No. 2024-21 and the Texas Electronic Pollbook Functional Standards issued on June 24, 2024, and that as the Williamson County Elections Administrator, I lack the discretion, under state law, to deviate from Secretary of State Advisory No. 2024-21 and Texas Electronic Pollbook Functional Standards, as noted above.

7. Since the Secretary of State issued these directives on June 24, 2024, the current Williamson County policy and practice is to use voting machines that do not permit the computer-generated numbering of ballots by e-pollbooks. Williamson County has instituted a policy change

based on state law as directed by the Secretary of State. And, based on the Secretary of State's directives, there is now no reasonable expectation that Williamson County will reinstitute the use of e-pollbooks that generate ballot numbers. As evidence of this change, Williamson County is presently preparing for the May 3, 2025, election and, as in November 2024, is using consecutively numbered preprinted paper ballots and not utilizing e-pollbooks to randomly generate numbers on ballots.

8. There are no randomly-generated, computerized unique identifiers or other serial numbers printed on ballots by either Electronic Pollbooks, Activation Card Printers, Ballot Marking Devices, Ballot Scanners or any other electronic device. The ballot serial numbers are pre-printed on the ballot card stock used in the election prior to arrival at the polling place.

9. Williamson County did not institute these policy changes as a result of this litigation, but because of the new directives from the Secretary of State, specifically, Secretary of State Election Advisory No. 2024-21 and the Texas Electronic Pollbook Functional Standards issued on June 24, 2024. Currently, consecutively numbered, pre-printed paper ballot stock is the only method allowed under the Election Code.

10. Laura Pressley has alleged in her lawsuit against Williamson County and others that she was able to violate the ballot secrecy of 60,000 Williamson County voters through the use of an algorithm. I have no knowledge of this violation of ballot secrecy and no knowledge of how it could have been conceivably accomplished.

11. Neither Williamson County, its employees, its vendors, or any other person or entity under the control of Williamson County is in possession of any voter ballot data that reveals individual voter selections to county employees or any other person. I have no knowledge of any algorithm—or any other method—to match voters' identities to their ballots. I have never observed any method of manipulating data that would allow anyone to match voters' identities to their ballots.

12. As implemented in Williamson County, the Tenex e-pollbook system is, as required by law, connected to the Internet to transmit in real-time the list of voters who have voted to all polling locations so that voters will be prevented from voting multiple times in the same election. E-Pollbooks are not networked in any way to voting system ballot marking devices or ballot scanners, as these devices are not allowed by Section 129.054, Election Code, to be connected to any external or internal network devices. The e-pollbook is connected via Bluetooth to a print server attached to each Activation Card Printer. The Activation Card printer is not connected in any way to voting system equipment After the voter selects their preprinted, serialized ballot paper, the paper is loaded into the Activation Card Printer. The Activation Card Printer then prints the voter's three-digit precinct and one to two-digit ballot style separated by the letters BS on the ballot paper, e.g. 123BS49, and a machine readable barcode containing that information and only

that information on the ballot paper. The software feature that printed ballot serial numbers using the Activation Card Printers has been rendered incapable of placing unique identifiers on ballots as required by the Secretary of State. Due to the size of Williamson County and the large number of local political subdivisions that hold joint elections, each precinct can have multiple different ballot styles. The voter takes the ballot paper and inserts it into the ballot marking device which reads the precinct and ballot style and uses this to display the appropriate ballot for the voter to cast. The ballot marking device records the voter's choices and prints these in human text and machine readable barcodes on the ballot. No serial number is printed by the ballot marking devices. The voter inserts the cast ballot into the ballot scanner which reads the voter choices and scans the ballot image. The ballot scanners do not print any information onto the ballot. The ballot scanner is designed to further disarrange the ballots when depositing them into the ballot storage container. The systems and processes used in Williamson County are designed to protect voter secrecy, and I am unaware of any method that the system implemented in Williamson County could be used to reveal how a voter voted.

My name is Bridgette Escobedo. I declare under penalty of perjury that the foregoing is true and correct.

Executed in __Williamson__ County, Texas on __April 24__, 2025.

_Bridgette Escobedo_
Bridgette Escobedo, Declarant