# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA PRESSLEY, ROBERT BAGWELL, TERESA SOLL, THOMAS L. KORKMAS, and MADELON HIGHSMITH,<br><br>*Plaintiffs*,<br><br>v.<br><br>JANE NELSON, in her official capacity as the Texas Secretary of State, CHRISTINA ADKINS, in her official capacity as the Director of the Elections Division of the Texas Secretary of State, BRIDGETTE ESCOBEDO, in her official capacity as Williamson County Elections Administrator, DESI ROBERTS, in his official capacity as Bell County Elections Administrator, and ANDREA WILSON, in her official capacity as Llano County Elections Administrator,<br><br>*Defendants*, | §§§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 1:24-cv-00318-DII |

## DECLARATION OF CHRISTINA WORRELL ADKINS

1.     My name is Christina Worrell Adkins. I am over 18 years old and competent to make this declaration. I currently serve as the Director of the Elections Division at the Texas Secretary of State's Office and have been in this position since March 10, 2023 (initially as the Acting Director until April 26, 2023). Prior to becoming Elections Director, I served as Legal Director of the Elections Division. I have worked at the Secretary of State's Office since 2012.

2.     The Texas Secretary of State is the chief election officer for Texas. As the State's chief election officer, the Secretary, through the Elections Division, prepares and distributes guidance to appropriate state and local authorities in the administration of elections in Texas and provides certain administrative support.

3.     In accordance with the Texas Election Code, the Secretary of State's Elections Division assists and advises election authorities on the application, operation, and interpretation of the Election Code and other election laws. The Secretary of State also is directed to obtain and maintain uniformity in the application, operation, and interpretation of the Election Code and other

election laws. Our office discharges these obligations through, among other things, election advisories, handbooks and manuals, training presentations, and email correspondence to election authorities (including mass emails to election officials across the State).

4. In addition to other statutory obligations, the Secretary of State is responsible for developing requirements and standards for the certification of electronic pollbooks—the devices used to check in voters for in-person voting at polling places—to be used in Texas elections. To that end, state law requires such devices to be certified annually by our office and the Secretary of State has issued electronic pollbook certification standards. In this certification process, the Secretary of State assesses an electronic pollbook system for compliance with the Secretary of State's standards and with the requirements of the Texas Election Code.

5. On June 24, 2024, the Secretary of State issued Election Advisory No. 2024-21, which notified county election officials of new certification standards for electronic pollbooks. The revised standards prohibit the generation of ballot numbers using electronic pollbook systems or using peripheral devices that directly connect to electronic pollbook systems. The result of this advisory is that any jurisdictions utilizing such systems are now required to use ballot numbering methods that do not involve the use of the electronic pollbook system or peripheral devices that are directly connected to those systems. It is my understanding that Williamson County is one of the counties that had to change its ballot-numbering method—so that the county was not using its electronic pollbook to generate ballot numbers, as it had done previously—in light of the new standards adopted in Election Advisory No. 2024-21.

6. The Secretary of State believes that the updated electronic pollbook standards released in Election Advisory No. 2024-21 are consistent with state law and necessary to ensure a voter's right to a secret ballot. We have no intention of revising our standards to allow for the generation of ballot numbers by electronic pollbooks, unless state law is amended to require such a change.

7. As indicated in Election Advisory No. 2024-21, the Secretary of State issued this guidance after learning of news articles and other reports that highlighted how publicly available records could be used to impact a voter's constitutional right to a secret ballot. Our office takes seriously any threat to ballot secrecy and thus we took immediate, concrete steps to help guard against potential violations of ballot secrecy by members of the public.

8. Plaintiff Laura Pressley has alleged in this lawsuit that she was able to violate the ballot secrecy of 60,000 Williamson County voters through the use of an "algorithm." Dr. Pressley has not disclosed the "algorithm" to the Secretary of State, and our office has no knowledge of the purported "algorithm" or how (if at all) it could be used to violate a voter's ballot secrecy as Dr. Pressley suggests.

9.      Any counties that were using an electronic pollbook to generate ballot numbers prior to Election Advisory No. 2024-21 now must number their ballots outside the electronic pollbook. These counties pre-print blank pieces of paper with randomly generated numbers to comply with the ballot numbering requirement in the Texas Constitution.

10.     It is my understanding that the plaintiffs make certain allegations in this lawsuit regarding the ExpressLink software and Activation Card Printer device manufactured by Election Systems & Software ("ES&S"). The ExpressLink software and Activation Card Printer device are connected to the electronic pollbook and have legitimate uses in the election process other than ballot printing. All of the ES&S systems certified for use in Texas elections comply with federal and state certification requirements, and the Secretary of State is not aware of any basis to decertify these systems.

11.     The core issue that the Secretary of State sought to address in Election Advisory No. 2024-21 is that the number on a voter's ballot was being generated from the same system that contains a voter's identifying information. In this respect, the plaintiffs are wrong to say that our modified standards were insufficient and that a peripheral device should not even have the "capability" to assign a ballot number. As a result of the Secretary of State's revised electronic pollbook standards, we have severed any connection that links a ballot number to a specific voter. So, the "capability" of a device to assign a ballot number—even if such a capability exists—is immaterial in light of our office's pollbook requirements.

12.     Electronic pollbooks are connected to the Internet so that they can communicate with one another and ensure that no voter can vote more than once in any given election. However, electronic pollbooks are not connected to the machines on which voters actually make their selections.

13.     The Secretary of State does not need to "recertify," or otherwise reevaluate the certification of, any electronic pollbook system impacted by Election Advisory No. 2024-21—and we have no plans to take such steps. There were no material changes to these systems; the electronic pollbook vendor simply turned off a feature in the software.

14.     I am aware that the plaintiffs also have referenced Hart InterCivic ("Hart") voting systems in this lawsuit. The Secretary of State has certified several Hart systems for use in Texas elections, and these voting systems are used by many counties across the State. Hart does not have its own line of electronic pollbooks. Counties that use Hart voting systems do not utilize a pollbook to generate ballot numbers. Instead, numbers are assigned to ballots through the Hart voting system software—without any connection to a voter's identifying information—and therefore the ballot number cannot be tied to any specific voter.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing

is true and correct.

    Executed on April 24, 2025.

*/s/ Christina Worrell Adkins*<br>
Christina Worrell Adkins, Declarant