UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **LAURA PRESSLEY, et al.,** *Plaintiffs* § § § | |
| **v.** § § § | Case No. 1:24-CV-00318-DAE |
| **SECRETARY OF STATE JANE NELSON, in her official capacity as the Texas Secretary of State, et al.,** *Defendants* § § § § | |

**ORDER**

Now before the Court are Plaintiffs' Motion for Discovery or, in the Alternative, Motion for Clarification (Dkt. 84), filed April 23, 2025; Plaintiff's Renewed Motion for Ex Parte In Camera Review of Redacted Exhibits to Plaintiffs' First Amended Complaint (Dkt. 90), filed May 27, 2025; and the associated response and reply briefs.[1]

**I.   Background**

Plaintiffs Laura Pressley, Ph.D., Robert Bagwell, Teresa Soll, Thomas L. Korkmas, and Madelon Highsmith bring this civil rights suit against Defendants Jane Nelson, Texas Secretary of State; Christina Adkins, Director of the Elections Division of the Texas Secretary of State; Bridgette Escobedo, Williamson County Elections Administrator; Dr. Desi Roberts, Bell County Elections Administrator; and Andrea Wilson, Llano County Elections Administrator. Plaintiffs are registered Texas voters who challenge the in-person electronic voting systems used in Williamson, Bell, and Llano Counties.

---

[1] By Text Orders issued April 24, 2025 and May 28, 2025, the District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Plaintiffs allege that they have been required to use ballots that do not contain pre-printed consecutive numbers that preserve the secrecy and security of their ballots. They also make allegations concerning allegedly illegal and uncertified voting system software and printer hardware that prints illegal randomly assigned unique identifier/ballot tracking numbers onto their ballots. As a result, Plaintiffs allege, the secrecy of their ballots has been breached and their constitutional voting rights and rights to equal protection and due process have been violated. Plaintiffs seek a declaration that Defendants' actions in certifying and using illegal electronic pollbooks for in-person voters violate the First Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. Plaintiffs also moved for a temporary restraining order ("TRO").

The Honorable Robert Pitman denied Plaintiffs' TRO on March 27, 2024. Dkt. 13. Plaintiffs filed an Amended Complaint on May 15, 2024. Dkt. 32. Defendants moved to dismiss for lack of jurisdiction due to mootness, standing, sovereign immunity, and the political question doctrine, and for failure to state a plausible claim for relief. Dkts. 45, 46, 48, 49, 58, 60.

Judge Pitman reassigned the case to the Honorable David A. Ezra on August 9, 2024. Dkt. 59. Judge Ezra held a status conference on December 4, 2024, during which he said from the bench that "we may not have a live controversy anymore, at least with respect to two of the counties, and possibly three, which would mean that the case is what we refer to in the federal system as moot." Transcript of Status Conference, Dkt. 82 at 6:17-20.

Federal courts lack subject matter jurisdiction over moot claims and cases.

> Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions; our impotence to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.

2

*North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Accordingly, the District Court (1) denied the then-pending motions to dismiss without prejudice to refiling, Dkt. 82 at 9:14; (2) ordered the parties to submit briefs addressing whether the case was moot, *id.* at 10:9-11; (3) ordered that all discovery is "on hold," *id.* at 14; and (4) referred the case to this Magistrate Judge "for a new scheduling conference," but stated that this Court would be "hamstrung to a degree until I make a determination as to whether the case is moot." *Id.* at 9:24-10:1, 16:5-7. The District Court also stated that if he determined the case was not moot, he would allow Defendants to refile their motions to dismiss. *Id.* at 13.

After the parties submitted their briefs on mootness, the District Court determined that "the issues raised in the briefing would best be resolved through a motion for summary judgment to be jointly filed by Defendants." Dkt. 83 at 2. The Court ordered:

> Defendants, to the extent they wish to do so, may file a motion for summary judgment to discuss the issues raised in their briefing on mootness. Any such motion is due within thirty days of the date of this Order. Plaintiffs may respond, and Defendants may file a reply, in accordance with the local rules governing response deadlines.

*Id.* The District Court did not permit the parties to reopen discovery. Defendants filed their joint motion for summary judgment on April 24, 2025 (Dkt. 85); Plaintiffs filed their response on May 8, 2025 (Dkt. 88); and Defendants filed their reply on May 15, 2025 (Dkt. 89). The motion for summary judgment remains pending.

## II.   Motion for Discovery

Plaintiffs move the Court under Rules 12(d) and 56(d) for discovery to respond to Defendants' motion for summary judgment. Rule 12(d) provides that all parties "must be given a reasonable opportunity to present all the material that is pertinent" to a motion for summary judgment, while Rule 56(d) requires a nonmovant to show "that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). The District Court stayed all discovery and did not permit the parties to conduct discovery on the mootness issue, and this Magistrate Judge finds that Plaintiffs have not satisfied the Rule 56(d) standards. To the contrary, they have filed a 33-page response – nearly twice the length permitted under Local Rule CV-7(d)(3) – to Defendants' summary judgment motion, accompanied by 131 pages of evidence. Dkt. 88. Plaintiffs request "the opportunity to obtain documents and take depositions relating specifically to claims of mootness," *id.* at 3, but never specify why they require discovery under Rule 56(d)(3) to "present facts essential to justify" their opposition to Defendants' motion, either in their motion for discovery or their response to the summary judgment motion. Indeed, Plaintiffs state that they identify "fourteen material fact issues at the heart of this case" in their response. Dkt. 88 at 3. They have not shown that discovery is pertinent to adjudicate Defendants' motion for summary judgment on mootness.

### III.     Renewed Motion for *Ex Parte, In Camera* Review

Plaintiffs also renew their motion for *ex parte, in camera* review of redacted exhibits to their First Amended Complaint. This Magistrate Judge denied their first motion, finding that restricting access to relevant evidence would prejudice the defense of this case and that the Court's protective and confidentiality order would sufficiently protect confidential information. Dkt. 65 at 4.

Plaintiffs argue that they renew their request "to ensure that this important confidential information can provide context for why the case is not moot, including because of the highly sensitive information that remains in the possession of the County Defendants and their agents and vendors." Dkt. 90 at 7. They contend that Defendants' reply shows "a misunderstanding of the algorithm at issue and the impact (or lack thereof) of Defendants' recent actions." Dkt. 90 at 6.

4

Defendants respond that there "have been no developments in this case since the Court issued its ruling on the parties' opposing motions for a confidentiality and protective order justifying any disturbance of that ruling." Dkt. 92 at 2. They also point out that Plaintiffs had the opportunity to seek to file under seal evidence in response to their motion for summary judgment on mootness, but did not.

The Court agrees with Defendants. A trial court "is free to reconsider and reverse interlocutory orders for any reason it deems sufficient." *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727-28 (5th Cir. 2012) (cleaned up). "However, under the 'law of the case' doctrine, the Court should generally 'show deference to decisions already made in the case.'" *Morales v. Carrillo*, 625 F. Supp. 3d 587, 596 (W.D. Tex. 2022) (quoting *Stoffels*, 677 F.3d at 727), *appeal dismissed*, No. 22-50836, 2023 WL 6442593 (5th Cir. Oct. 3, 2023). This Magistrate Judge again finds that the Confidentiality and Protective Order (Dkt. 93) and Plaintiffs' opportunity to satisfy the balancing test for sealing judicial records adequately protect their interests in nondisclosure. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021).

For these reasons, Plaintiffs' Motion for Discovery (Dkt. 84) and Renewed Motion for Ex Parte In Camera Review of Redacted Exhibits to Plaintiffs' First Amended Complaint (Dkt. 90) are **DENIED**. If the District Court rules that the case presents a live controversy, this Magistrate Judge will set the case for an initial pretrial conference and enter an expedited scheduling order.

**SIGNED** on June 17, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE